### JOHN BOLIN, Ex'r., v. CHARITY BARKER

In an action by an executor against the widow of his testator, an ignorant woman, to recover certain articles which had been assigned to her for her year's support, before she had dissented from her husband's will, which she did not do within the time prescribed by the statute, because of the advice of the executor: *It was held*, that there was no error in the charge· of the Judge below, to wit: "that if the executor, through fraud and deception, induced the widow not to dissent from the will of her husband within the time required by law, the proceedings assigning her year's support were binding on him;" and the· jury having found that fraud and deception were used, the executor could not recover in this action.

An excutor is not bound to give the widow of his testator any advice as to her action at all. If, however, he consents to become her adviser, and assumes such position of trust and confidence, he is bound that the advice given should not only be honest in the sense that it was not knowingly and wilfully false; but also that it should be correct and true, as far as by any reasonable efforts on his part, he could ascertain the truth

CIVIL ACTION, for the claim and delivery of personal property, tried before FURCHES, J., at Spring Term, 1876, of WILKES Superior Court.

The plaintiff was the executor of Lewis Barker, deceased, and the defendant was his widow. It was in evidence that the testator of the plaintiff died on the 27th of July, 1874, possessed of the property, the subject of this action. The plaintiff offered the will for probate in common form, and it was admitted to probate on the 4th day of August, 1874, and the plaintiff duly qualified as executor thereof. The executor testified that a few days thereafter he informed the defendant of the contents of said will, and that it had been admitted to probate, and advised her to dissent therefrom. That the defendant insisted that a year's allowance should be allotted to her, out of the personal estate of her husband, and the plaintiff supposing that she was entitled thereto, in good faith applied to a Justice of the Peace, who proceeded

to summon two freeholders and set apart to the defendant as such provision the property sought to be recovered in this action. The report of the Justice and the freeholders allotting to the defendant was confirmed by the Judge of Probate in March, 1875, subsequent to the commencement of this action. The defendant dissented from the will on the 12th of April, 1875.

The plaintiff further testified, that this action was instituted at the demand of the legatees, and that he intended to sue, if the defendant failed to dissent from the will, and that he said nothing to her concerning the property, after the year's allowance was set apart, until he made the demand upon which this action was brought, which demand was made six months after the probate of the will.

The defendant testified that she did not learn that her husband had made a will, or that the same was admitted to probate, for some time after the will had been proved. She applied to a Justice of the Peace for a year's allowance and obtained the same. She did not dissent until after the commencement of this action. She denied that the plaintiff ever advised her to dissent from the will or told her anything about dissenting.

The other facts necessary to an understanding of the case as decided, are stated in the opinion of the Court.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Armfield & Folk*, for appellant.
No counsel *contra* in this Court.

RODMAN, J. As the property sued for belonged to the testator of the plaintiff, he is entitled to recover, unless the defendant can show some defence, legal or equitable.

She says that the property was regularly assigned to her as widow of the testator, for her year's provision. She ad-

mits that she did not dissent from her husband's will within six months after the probate thereof, which is the time limited by statute for her dissent. But that she ought, nevertheless, to be entitled to a year's provision as fully as if she had dissented within the established time for three reasons :

1. That being ignorant of the law, she was induced by the plaintiff to believe that she would be entitled to her year's provision without dissenting from the will; that plaintiff fraudulently induced this belief; and for that reason, alone, she omitted to dissent in due time, having always claimed her year's provision.

2. That her husband, by his will, gave her *nothing*, and that, by reason thereof, she was put to no election whether to take under his will, or against his will ; and that in such case, she was not required to dissent in order to entitle herself to a year's provision.

3. That the proceedings, by which her year's provision was assigned, could not be collaterally avoided in this action, and were valid until avoided by some direct proceeding for that purpose.

On the first point, the Judge instructed the jury, that "if the plaintiff, through fraud and deception, induced the defendant not to dissent from said will, in the time required by law, then the proceedings (assigning the year's provision) would be binding upon him, and he would not be entitled to recover," &c. Under this instruction, the jury found for the defendant.

It is not denied that there was evidence to go to the jury on the question submitted by the Judge. The only question presented to us is on this instruction. If it was right in law, the defendant is entitled to judgment in her favor; if wrong, the plaintiff is entitled to a new trial.

We think the Judge was right. No person can, in equity and good conscience, retain an advantage procured through his own fraud, or that of another, acting for him. The ex-

4

ecutor was a trustee of the property of the deceased, for his creditors and legatees, and they cannot (if they would, and it does not appear that they wish to,) acquire any advantage from his fraud. It is true, that the executor of a testator does not stand towards the widow in any of the well known relations of trust and confidence, such as attorney and client, guardian and ward, &c. As she took nothing by the will, he was not a trustee for her, and her interests and those which he represented, were adverse. He was not bound to give her any advice as to her action at all. But it was natural, that being brought into relations with him, as representing her deceased husband's estate, she should consult him respecting what she should do to obtain her rights in it. When he accepted her confidence, and undertook to advise and act for her in respect to such rights, he consented to assume a position of trust and confidence, and a Court of Equity will protect her against any abuse of it. If, under these circumstances, he gave her any advice, he was bound not only that it should be honest, in the sense that it was not knowingly and wilfully false; but also, that it should be correct and true, as far as by any reasonable efforts on his part he could ascertain the truth. Measuring the plaintiff's duty by this standard, which is not higher than that which is ordinarily acted on in the semi-confidential relations of life, it is evident that the plantiff fell short of it. The defendant confided in him to advise her as to her right to a year's provision, and the necessity for her dissent. He accepted her confidence, and misadvised her to her injury, and in the interest of those whom he represents.

It is not material, if he was himself ignorant of the law, and did not knowingly and wilfully mislead her. Having undertaken to advise her, he was bound to inform himself as to the law, on a matter where it was so familiar, and where correct knowledge was so easily accessible. He should either at once have put her at arms length by refusing all advice,

or should have advised her to consult an attorney, or have consulted one himself before he undertook to advise her. He cannot now take advantage of his error, or his fraud, to defeat the assignment of her year's provision.

There is no error in the Judge's charge.

Judgment affirmed. Let this opinion be certified. The defendant will recover costs in this Court.

Per Curiam.                                        Judgment affirmed.